UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN JOSUE
    BONILLA-MELGER,

    Plaintiff,

v.                                  CASE NO. 8:23-cv-2009-SDM-AAS

SERGEANT ROBERT QUILAN, et al.,

    Defendants.
    _____/

**ORDER**

    Bonilla-Melgar's complaint alleges that the defendants violated his civil rights when, using excessive force, they injured his eye. An earlier order (Doc. 8) dismisses the complaint with leave to amend and advises Bonilla-Melger (1) that the complaint must contain well-pleaded facts showing the direct involvement of each named defendant and (2) that he cannot pursue a civil rights action based on *respondeat superior*. Pending review is Bonilla-Melger's amended complaint. (Doc. 9)

    An amended complaint is subject to the same review as an initial complaint and under the Prisoner Litigation Reform Act dismissal is required if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e).  Although the amended complaint is an improvement on the initial complaint, Bonilla-Melgar must file a second amended complaint.

The complaint form allows the plaintiff to designate his action against a defendant in either or both the person's individual capacity or official capacity.  In the amended complaint Bonilla-Melger designates his action against each defendant in only their official capacity.  Bonilla-Melger obviously misunderstands the distinction between the two types of capacities.  Official capacity and individual capacity are commonly confused with the requirement that, to assert a civil rights action under 42 U.S.C. § 1983, the defendant must act "under color of law."  The "under color of law" requirement means that the defendant must have acted as an agent of a government — whether state, county, or city.  For example, a government employee who causes an injury while performing a governmental duty acts "under color of law," but the same employee who causes an injury while not performing a governmental duty does not act "under color of law."

An allegation that an employee caused an injury while performing a governmental duty meets the "under color of law" requirement for a claim against the employee in his individual (or personal) capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").  A claim against a defendant in his individual capacity seeks to hold the defendant personally liable for his individual acts.  To the contrary, a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury.

An official capacity claim is actually a claim against the governmental entity without regard to the person who committed the act or to the person who holds the official position. *Kentucky v. Graham*, 473 U.S. 159, 195 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 690 (1978); *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.") (citing *Graham*). For example, an official capacity claim against an office holder stays with the office without regard to the identity of the person holding the office; an individual capacity claim stays with the individual (even if the individual leaves the office) and does not transfer to the next person holding the office. To establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). *Accord Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020). Because the amended complaint contains facts showing the direct involvement of each named defendant, Bonilla-Melger's civil rights claim is an individual — not official — capacity claim.

However, Bonilla-Melger is advised that he cannot base a civil rights claim on verbal abuse, including offensive racial comments. Although unprofessional and offensive, generally neither harassment nor verbal abuse is unconstitutional conduct. "Derogatory, demeaning, profane, threatening or abusive comments made by an

- 3 -

officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). *Accord Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding (1) that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats and (2) that "verbal abuse alone is insufficient to state a constitutional claim"). Also, although he may recover monetary damages from a defendant for his alleged injuries, Bonilla-Melger cannot use a civil rights action to order a defendant's dismissal as law enforcement officer.

Lastly, although the amended complaint is handwritten and the writing is clear, Bonilla-Melger failed to leave adequate margins along the sides of the pleading. Local Rule 1.08 requires a one-inch margin to ensure that some writing is not omitted when the paper is imaged into the case management system. Bonilla-Melger should add pages to the pleading instead of trying to "cram" or "squeeze" the content within the space provided on the complaint form.

The amended complaint (Doc. 9) is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended pleading no later than **MONDAY, JULY 22, 2024**. Bonilla-Melger must label the pleading as a "Second Amended Complaint." The clerk must send to Bonilla-Melger the civil rights complaint form required for a *pro se* plaintiff, which form Bonilla-Melger must use to file his amended pleading and to which Bonilla-Melger may add up to five pages. The failure to timely file a "Second

Amended Complaint" will result in the dismissal of this action without further notice.

    ORDERED in Tampa, Florida, on June 21, 2024.

                                                STEVEN D. MERRYDAY
                                      UNITED STATES DISTRICT JUDGE