UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN JOSUE
    BONILLA-MELGER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　CASE NO. 8:23-cv-2009-SDM-AAS

SERGEANT ROBERT QUILAN, et al.,

    Defendants.
_____/

**ORDER**

In his initial civil rights complaint (Doc. 1) Bonilla-Melgar alleged that the defendants violated his civil rights when, using excessive force, they injured his eye. An earlier order (Doc. 8) dismisses the complaint with leave to amend and advises Bonilla-Melger (1) that the complaint must contain well-pleaded facts showing the direct involvement of each named defendant and (2) that he cannot pursue a civil rights action based on *respondeat superior*. In his first amended complaint (Doc. 9) Bonilla-Melgar corrected some of the noted deficiencies. An earlier order (Doc. 10) determines the necessity for further amendment and specifically explains the difference between the need for a defendant to act "under color of law" to support a civil rights action and the two types of capacities in which a defendant may be sued. The order goes into great detail about the differences between individual capacity

and official capacity and explains that, "[b]ecause the amended complaint contains facts showing the direct involvement of each named defendant, Bonilla-Melger's civil rights claim is an individual — not official — capacity claim." (Doc. 10 at 3) Bonilla-Melger was ordered to amend again.

In his second amended complaint (Doc. 11) Bonilla-Melger has ignored the earlier instructions and persists in pursuing his claims against the defendants in only their official capacity. As Bonilla-Melger was advised, "a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury" and "[t]o establish the liability of a governmental entity, the official policy or custom must be the moving force of the constitutional violation." (Doc. 10 at 3) Because Bonilla-Melger asserts no basis for a claim against the defendants in their official capacity, the second amended complaint fails to state a claim upon which can be granted and is ripe for a dismissal under Section 1915(e), as explained in the earlier orders.

The second amended complaint (Doc. 11) is **DISMISSED**. The clerk must enter a judgment against Bonilla-Melger and close this case.

ORDERED in Tampa, Florida, on August 28, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE